*Harper, J.
The first claim on the part of defendant is, to be allowed commissions on the amount received from a former agent on settlement. This cannot be allowed. Guardians and trustees having the charge and custody of the estates of infants and minors, are allowed commissions by the Act of 1745; 1 Br. Dig. 392, Executors are allowed them by the executor’s act, and factors and some other commercial agents have them by the usages of trade. But a private agent or assignee is not entitled to them unless they are stipulated for in the act or contract by which the agency is created. To this effect was the' decision in the case of - decided by this Court in Charleston, and that of Muckenfuss v. Heath, ante, 182, decided at the same place during the last sitting of this Court.
The next question relates to the admissibility of defendant’s boob, to establish an account for articles sold and delivered to his principal, Muldoon. This certainly does not come under the general rule allowing merchants’, shopkeepers’ and tradesmens’ books to be evidence. It is supposed to be admissible under the decision in the case of Sinclair & Kiddell v. The administrators of Price, decided at this place in December, 1832. That was a peculiar case depending on its own circumstances. There was a mercantile agency for the purpose of selling goods, remitting the proceeds, &c., stress was laid on the circumstance, that the books would have been evidence for the principal against third persons, (which cannot be said here) and the books were offered after the death of the agent, who might have been able to produce other proof if he had been alive. As to this ground also the motion must be dismissed.
We are of a different opinion with respect to the notes which were offered in evidence. It is certainly true that a trustee cannot purchase of his cestui que trust, without being prepared to show that he gave a full consideration, and did not unfairly avail himself of the advantages afforded by his character of trustee. The same rule is applied to other persons, not being strictly trustees but standing in relations of confidence, as to agents. But these persons are certainly at liberty to account with t^eir principals, and to take acknowledgments* or vouchers in relation to the transactions between them. A note given is evi *197 dence of an account settled and a balance acknowledged. In such 51 ease as the present, where the principal is shown to have been a weak man, hardly capable of transacting- his own business, such transactions are regarded with jealousy, as in the instance of a guardian settling with his ward just after he comes of age, and slight evidence will be sufficient to throw the burden of proof on the agent. But I see no evidence to impugn the notes in this case. On the contrary they are supported by the testimony of the witness, Jos. S. Poag, who proves the delivery of various articles by the defendant to Muldoon, without being able to specify quantities What conclusion so obvious, as that on account of these the notes were given. And this is an additional reason against admitting the book to prove the account. Notes were given to the number of five, during- the continuance of defendant’s agency, at various times, and the presumption is, that defendant’s charges against his principal were included in these notes. The motion as to this ground of appeal is granted, and defendant’s third exception sustained.
Johnson and O’Neall, Js., concurred.